UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TERAH L. STAMPS,

        Plaintiff,                  Case No. 2:12-cv-95

v.                                          Honorable R. Allan Edgar

MITCH J. PERRY et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendant Perry. The Court will serve the complaint against the remaining Defendants.

**Discussion**

I. Factual allegations

Plaintiff presently is incarcerated at the Newberry Correctional Facility. In his *pro se* complaint, he sues Warden Mitch J. Perry, Captain Unknown Curley, Food Service Director S. Hayden, Food Service Stewards Unknown Major and Unknown Vallie, Correctional Officers Unknown Sturgeon, Unknown Blankenship, Unknown Dumars and Unknown Pierce, and Resident Unit Officer Unknown Immel.

Plaintiff's complaint concerns the strip search of Plaintiff and other prisoners of Unit #3 in the dining hall on August 24, 2011. Warden Perry allegedly authorized the strip search. Plaintiff argues that he was searched in front of guards and hundreds of other prisoners, including guards of the opposite sex. Plaintiff states that Defendants Sturgeon, Immel, Blankenship, Dumars, Pierce, and Hayden conducted the strip search and Captain Curley supervised it. Two women, Defendants Major and Vallie, were preparing the food line at the time of the strip search. Major and Vallie watched Plaintiff's strip search and did nothing to stop it. Plaintiff was stripped naked and required to open his mouth, lift up his genitals and bend at the waist and spread his buttocks. Plaintiff claims that there was no special need or reasonable justification for the invasive search as there were no dangerous weapons, illegal drugs or contraband discovered. Because of the strip search, Plaintiff suffered from "mental and physical intimidations, humiliations, degradations, embarrassments, and psychological trauma." (Compl., docket #1, Page ID#6.)

On that same day, prisoners in Unit #4 were also subject to a strip search. Instead of being searched in the dining hall, those prisoners were searched individually in separate bathrooms in the school building. Plaintiff complains that Defendants violated his equal protection rights by

permitting Unit #4 prisoners to be stripped searched privately while requiring Unit #3 prisoners to be stripped searched in front of guards and other prisoners, including those of the opposite sex.

Plaintiff, a Muslim, further argues that his religious beliefs were violated when he was viewed by strangers of the opposite sex during the strip search. Plaintiff finally argues that he was verbally and sexually harassed by Officer Sturgeon, who said, "Boy, you're hung like a mule!" and "I see you've been doing squats!" during the strip search. (Compl., docket #1, Page ID#11.)

In summary, Plaintiff complains that the strip search violated his rights under the First, Fourth, Eighth and Fourteenth Amendments and his rights under the Michigan Constitution. Plaintiff also argues that the search violated Michigan Department of Corrections' Policy Directive 04.04.110, §§ U, V.

Plaintiff seeks nominal, compensatory and punitive damages as well as injunctive relief.

II.   Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff fails to make specific factual allegations against Defendant Perry, other than his claims that Perry authorized the strip search and failed to monitor it. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 129 S. Ct. at 1948; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of

one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 129 S. Ct. at 1948. Plaintiff has failed to allege that Defendant Perry engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against him.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendant Perry will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants Curley, Hayden, Major, Vallie, Sturgeon, Blankenship, Dumars, Pierce and Immel.

An Order consistent with this Opinion will be entered.


Dated:            4/20/2012                       */s/ R. Allan Edgar*
                                                  R. Allan Edgar
                                                  United States District Judge